UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN MICHAEL LONG,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>　　　　Defendant. | Case No.: 1:13-cv-01228 - JLT (PC)<br><br>ORDER DISMISSING THE ACTION AS FRIVOLOUS<br><br>(Doc. 1) |

Plaintiff Kevin Michael Long is a state prisoner proceeding *pro se* in a prisoner civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. 1).  Plaintiff initiated this matter and consented to the Magistrate Judge's jurisdiction on August 7, 2013. Id. at 5.  As required by 28 U.S.C. § 1915A, the Court screens the complaint, and for the reasons sets forth below, **DISMISSES** that matter as **frivolous**.

I.　　**FACTUAL ALLEGATIONS**

Plaintiff names the United States of America, the State of California, Stanislaus County Superior Court, and Stanislaus County (collectively "Defendants"), as defendants to this matter. Id. at 1. Plaintiff's complaint is summarized as follows:

According to the Plaintiff, his religion commands him to separate himself from "unbelievers[,] non-Christians." Id. at 3. Plaintiff is a "Jew and not under rightful jurisdiction of this nation." Id. at 4. He alleges that he is "rightfully to rule as a descendant of Judah/Jews according to the scripture of

[his] religion." Id. at 4.

Since his arrest on September 18, 2012, Stanislaus County has forced him to "be a part of non-Christian authorities…such as the Stanislaus County Superior Court." Id. at 3.  The authorities have forced Plaintiff to take medication because of his Christian beliefs. Id. at 4.  Similarly, the authorities have denied his right to an impartial, Christian jury. Id. at 4.

## II.     DISCUSSION AND ANALYSIS

Because Plaintiff seeks redress from governmental employees in a civil action, the Court is required to screen his complaint in order to identify any cognizable claims.  28 U.S.C. § 1915A(a)-(b).  The Court shall "dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).  Courts deem a complaint "frivolous" where the complaint lacks any "basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  In other words, a complaint is frivolous where the litigant sets "not only the inarguable legal conclusion, but also the fanciful factual allegation."  Neitzke, 490 U.S. at 325.

In determining whether Plaintiff's complaint is frivolous, the Court must hold Plaintiff's claim to 'less stringent standards than formal pleadings drafted by lawyers.'"  Estelle v. Gamble, 429 U.S. 97, 106 (1976) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).  "[They] can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Id.  While a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (internal quotation marks and citations omitted).  Thus, in analyzing a pleading, the Court sets conclusory factual allegations aside, accepts all non-conclusory factual allegations as true, and determines whether those non-conclusory factual allegations accepted as true state a claim for relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 676-684 (2009).  In determining plausibility, the Court is permitted "to draw on its judicial experience and common sense."  Ashcroft, 556 U.S. at 679.

1  Clearly, Plaintiff presents a frivolous complaint.  Plaintiff apparently believes himself to be a decedent of a deity and beyond the authority of the American government, an inherently fanciful factual allegation.  Further, Plaintiff requests the Court "allow him to judge all things and not be judged by no one according to [his] religion." (Doc. 1 at 3).  Finally, he requests that the Court release him to "Israel [or] Zion to organize true spiritual Jews." Id.[1]

Previously, the Court dismissed Plaintiff's identical claim as frivolous. Long v. Stanislaus Superior Court, Case No. 2:13-cv-1071-EFB, Doc. 8, (E.D. Cal. July 9, 2013) (Plaintiff's First Amendment claim that defendants denied his religious "right to rule over all" as "God" was held to be frivolous.)  Plaintiff again presents "fanciful" and "delusional" legal and factual arguments. As Plaintiff present no further factual allegations beyond his request to be released to Israel, the Court finds that Plaintiff presents no facts which would entitle him to relief. Estelle v., 429 U.S. 106. Therefore, the Court **ORDERS** that the complaint be **DISMISSED** as frivolous and without leave to amend.

**ORDER**

Accordingly, the Court **HEREBY ORDERS** that:

1. Plaintiff's complaint is **DISMISSED as frivolous and without leave to amend**; and
2. The Clerk of the Court is **DIRECTED** to **TERMINATE** this matter.

IT IS SO ORDERED.

Dated:   **August 14, 2013**                        **/s/ Jennifer L. Thurston**
                                                    UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff complains that Superior Court of Stanislaus County is a "non-Christian" authority and the Superior Court acting in judgment over him has cause prejudice against him. (Doc. 1 at 3).  However, Plaintiff brings the present claim before the U.S. District Court, which was established by Article III of the United States Constitution.  The Court finds it ironic that Plaintiff complains of the secular authority of California judiciary, yet now seeks redress from the secular authority of the federal judiciary.

3